1
2
3
4
5
6
7                            **UNITED STATES DISTRICT COURT**
8                                  **DISTRICT OF NEVADA**
9
10  ARMIS ARRENDONDO,                    )
                                         )
11              Petitioner,              )          2:07-cv-1312-JCM-GWF
                                         )
12  vs.                                  )          **ORDER**
                                         )
13  D.W. NEVEN, *et al.*,                )
                                         )
14              Respondents.             )
    _____ /
15
16          This action is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §
17  2254, by Amris Arrendondo, a Nevada state prisoner.  Pending before the court are respondents'
18  motion to dismiss (docket #18), petitioner's opposition (docket #25), and respondents' reply (docket
    #26).
19
    **I.      Procedural History**
20
            On December 18, 2003, the state sought a grand jury indictment against petitioner for
21
    one count of possession of a stolen vehicle and one count of possession of stolen property.  (Exhibit
22
    2).[1]  The indictment warrant was issued on December 19, 2003.  (Exhibit 5).  Petitioner filed a state
23
    habeas petition on December 2, 2004.  (Exhibit 9).  On December 15, 2004, petitioner elected to
24
    represent himself subsequent to a *Faretta* canvas.  (Exhibit 21).  The court found that petitioner was
25
26
    _____

            [1]  The exhibits referenced in this order are found in the court's record at docket #19-21.

competent to waive his right to counsel. (*Id*.). On February 1, 2005, petitioner filed a petition for a writ of mandamus with the Nevada Supreme Court, which the court denied. (Exhibits 28 and 29). On March 8, 2005, the district court denied the habeas petition. (Exhibits 33 and 34).

Petitioner's two-day trial, at which petitioner represented himself, began on March 21, 2005. (Exhibits 36 and 37). The jury found petitioner guilty on both counts. (Exhibit 39).

On March 24, 2005, the state filed a notice of intent to seek punishment as a habitual criminal. (Exhibit 40). On April 4, 2005, petitioner filed a motion to appoint counsel, which he then withdrew on April 19, 2005. (Exhibits 44, 50, and 55).

On April 19, 2005, petitioner filed an "amended information to seek relief via appeal of writ of habeas corpus." (Exhibit 49). Petitioner filed other motions on April 26, 2006. (Exhibits 51-53).

On April 28, 2005, petitioner was sentenced as a habitual criminal to a life sentence with parole eligibility at ten years on each count, to run concurrently. (Exhibit 54).

On May 3, 2005, the district court denied petitioner's motions for appeal from the writ of habeas corpus and motion for a new trial. (Exhibits 56 and 57).

Petitioner filed his notice of appeal to the Nevada Supreme Court on May 4, 2005. (Exhibit 59). The Nevada Supreme Court remanded the case for the purpose of appointing counsel. (Exhibit 60). Counsel was appointed on June 14, 2005, and entered an appearance on June 20, 2005. (Exhibits 61-63).

On August 10, 2005, petitioner filed a pro per appeal and/or "amended information for a writ of mandamus," which was denied by the Nevada Supreme Court on August 31, 2005. (Exhibits 64 and 65).

Counsel for petitioner filed his opening brief on December 19, 2005, alleging three grounds for relief. (Exhibit 69). The three grounds for relief were as follows: (1) the state's failure to advise the district court that petitioner might be charged as a habitual criminal made his waiver of

counsel invalid; (2) the district court erred when it failed to permit petitioner adequate time to produce his trial witnesses; and (3) the district court abused its discretion in awarding petitioner only 2 days credit for time served, as he had been incarcerated 577 days prior to sentencing.  (Exhibit 69). On April 4, 2006, petitioner filed a motion to dismiss counsel and for the appointment of alternate counsel.  (Exhibit 72).  The Nevada Supreme Court denied petitioner's pro per motion to remove counsel.  (Exhibit 73).

On June 29, 2005, the Nevada Supreme Court issued an order affirming in part and remanding, in which petitioner's first two claims were denied.  (Exhibit 74).  The Nevada Supreme Court ruled that the district court erred in granting petitioner only two days credit for time served, and remanded the case to district court for a rehearing on that issue.  (Exhibit 74).  Remittitur issued on July 25, 2006.  (Exhibit 75).  After a hearing on July 27, 2006, the state filed an amended judgment of conviction, amending petitioner's sentence to credit him with 577 days credit for time served.  (Exhibit 76).

Petitioner filed a federal habeas petition in this court on October 27, 2006, as case number 2:06-cv-1369-PMP-GWF.  That petition was dismissed without prejudice.  (2:06-cv-1369-PMP-GWF at Docket #2).  Petitioner then re-filed his federal petition on September 26, 2007, under the instant case number.  Petitioner's original petition in the instant action alleges two grounds for relief.  (Docket #1).

By order filed June 20, 2008, the court granted petitioner's unopposed motion for leave to file an amended petition.  (Docket #16).  The court directed petitioner to file an amended petition within thirty days.  (*Id.*).

On June 17, 2008, petitioner filed a "motion for leave of court to file [an] extended § 2254 [petition]."  (Docket #13).  A supplemental habeas petition, which added seventeen grounds to the two grounds in the original petition, was attached to the motion.  (Docket #13).  Respondents opposed the granting of petitioner's motion to file an extended § 2254.  (Docket #14).

3

1          By order filed August 21, 2008, the court granted petitioner's motion to amend and

2    directed the clerk of court to file the amended (supplemental) petition that was attached to

3    petitioner's motion.  (Docket #23).  The court directed respondents to file a response to all of the

4    grounds raised in the original petition and the amended petition.  (Docket #23).  The amended

5    (supplemental) petition was filed by the clerk on the same date, August 21, 2008.  (Docket #24).

6          One day earlier, respondents filed the instant motion to dismiss.  (Docket #18).

7    Because the motion addresses all twenty-one grounds presented in the original and amended

8    petitions, the motion is not moot and its merits will be addressed in this order.

9    **II.      Discussion**

10          **A.  Grounds One and Two (Original Petition, Docket #4)**

11          In ground one, petitioner asserts a violation of his right to counsel, alleging that the

12    waiver of his right to counsel was not knowing and intelligent because he was not made aware of the

13    State's intent to seek application of the habitual criminal statute.  (Docket #4).  Respondents concede

14    that ground one of the petition is exhausted.  (Docket #18, at p. 6).

15          Respondents argue that ground two of the federal petition was raised in the state

16    courts only in the context of a state claim, not a federal constitutional violation.  In ground two,

17    petitioner alleges that his Sixth and Fourteenth Amendment right to compulsory process was violated

18    because his witnesses did not receive subpoenas in time to testify in court.  (Docket #4).  In his direct

19    appeal, petitioner alleged that the district court erred by not granting him adequate time to produce

20    witnesses in his defense.  (Exhibit 69, at pp. 6-9).  In his direct appeal claim, petitioner did not claim

21    any federal constitutional violation or refer to any federal case to imply that he was making a federal

22    constitutional claim.  (*Id.*).

23          A federal court will not grant a state prisoner's petition for habeas relief until the

24    prisoner has exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S.

25    509 (1982); 28 U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on

26

4

each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); se*e Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)). A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994).

In the instant case, as to ground two, petitioner did not present this claim as a federal constitutional claim to the Nevada Supreme Court. In arguing that the district court erred by failing to permit him adequate time to produce trial witnesses, petitioner did not claim a federal constitutional violation. (Exhibit 69, at pp. 6-9). Rather, in the opening brief, petitioner argued and cited Nevada state law. (*Id.*). Petitioner failed to recite the factual and legal basis for a federal constitutional violation. In the federal petition, petitioner has changed the operative legal theory of

5

the claim to allege a federal constitutional violation.  (Petition, at Docket #4).  As such, ground two of the petition has not been properly exhausted in state court.

**B. Grounds 3-19 (Supplemental/Amended Petition, Docket #24)**

Respondents point out that the claims raised in grounds three through nineteen of the supplemental/amended petition were not exhausted in state court.  In petitioner's direct appeal to the Nevada Supreme Court, he raised two grounds for relief.  (Exhibit 69).  Petitioner now adds seventeen new claims in his supplemental petition.  (Docket #24).  Because none of these claims were presented to the Nevada Supreme Court, they are unexhausted.  *See Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999).

Additionally, respondents assert that grounds three through nineteen are time-barred under the AEDPA statute of limitations.  The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions.  With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

6

1

2

        (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

3

4   28 U.S.C. § 2244(d).  Petitioner was sentenced on April 28, 2005.  (Exhibit 54).  The Nevada

5   Supreme Court issued its decision denying the direct appeal on June 29, 2006.  (Exhibit 74).

6   Remittitur issued on July 25, 2006.  (Exhibit 75).  The judgment became final on June 25, 2006.

7   Adding ninety days to that date, petitioner had one year to file a federal petition, and that one year

8   began to run on October 23, 2006.  Petitioner filed a federal habeas petition on October 27, 2006, in

9   case number 2:06-cv-1369-PMP-GWF.  That petition was dismissed without prejudice.  Petitioner

10  filed the petition in the instant case on September 26, 2007.  While the original petition is timely, any

11  filing after September 26, 2007, would be untimely unless it relates back to the claims alleged in the

12  original petition.  Petitioner submitted the supplemental/amended petition on June 17, 2008, attached

13  to his motion to amend.  (Docket #14).  The court later directed the clerk to file the

14  supplemental/amended petition as a separate document.  (Docket #24).

15            Under Federal Rule of Civil Procedure 15, an amended pleading "relates back" to the

16  original pleading only if the acts described in the amended pleading are set forth in the original

17  pleading.  Fed. R. Civ. P. 15(c)(2).  An amended habeas petition only relates back if the amended

18  claims are tied to the "same core of operative facts" as alleged in the original petition.  *Mayle v.*

19  *Felix*, 545 U.S. 644, 664 (2005).  In *Mayle*, the petitioner originally raised only a Confrontation

20  Clause claim in his habeas petition, based on the admission of video-taped prosecution witness

21  testimony.  545 U.S. at 648-49.  After the one-year AEDPA statute of limitations had passed,

22  petitioner then sought to amend his habeas petition to allege a Fifth Amendment claim based on

23  coercive police tactics used to obtain damaging statements from him.  *Id.*  The factual basis for each

24  claim was distinct.  Petitioner then argued that his amended claim related back to the date of his

25  original habeas petition because the claim arose out of the same trial, conviction or sentence.  *Id.* at

26

7

659-661.  In rejecting petitioner's argument the Supreme Court held that if "claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance." *Id.* at 662.

In the instant case, grounds three through nineteen, contained in the supplemental/amended petition, were not raised in the original petition and are not tied to a common core of operative facts.  Grounds three through nineteen are distinct from the claims in the original petition and do not relate back to the original petition.  Accordingly, grounds three through nineteen, contained in the supplemental/amended petition, are dismissed as untimely.

## III.    Petitioner's Options

As discussed above, ground two of the petition is unexhausted, while respondents concede that ground one of the petition is exhausted.  Because the court finds that the petition is a mixed petition, containing both exhausted and unexhausted claims, petitioner has options.  In the past, it has been the practice of this court to permit a petitioner the option of abandoning his unexhausted claims and proceeding on the merits of those that are properly exhausted or voluntarily dismissing the action without the entry of judgment, to permit a return to state court.  However, in *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed some limitations upon the discretion of this court to facilitate habeas petitioners' return to state court to exhaust claims.  The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances.  Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.  *Cf.* 28 U.S.C. § 2254(b)(2) ("An  application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

1    Because the petition is a mixed petition containing exhausted and unexhausted claims,

2    it is subject to dismissal by this court.  Prior to dismissing this case, however, petitioner will be

3    provided the following three options:

4        1.    He may submit a sworn declaration voluntarily abandoning the unexhausted
             claim in his federal habeas petition, and proceed only on the exhausted claim;

5
6        2.    He may return to state court to exhaust his unexhausted claim, in which case
             his federal habeas petition will be denied without prejudice but will not be
             stayed during his return to state court; or

7
8        3.    He may file a motion, pursuant to the requirements of *Rhines*, asking this court
             to stay and abey his exhausted federal habeas claim while he returns to state
             court to exhaust his unexhausted claim.

9
10   Petitioner's failure to choose any of the three options listed above will result in his federal habeas

11   petition being dismissed.  Petitioner is also advised to familiarize himself with the limitations periods

12   for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may

13   have a direct and substantial effect on whatever choice he makes regarding his petition.

14   **IV.    Conclusion**

15       **IT IS THEREFORE ORDERED** that respondents' motion to dismiss (Docket #18)

16   is **GRANTED, as follows:  Grounds three through nineteen, contained in the**

17   **supplemental/amended petition (Docket #24) are DISMISSED as untimely.  Ground one of the**

18   **original petition is exhausted.  Ground two of the original petition is unexhausted.**

19       **IT IS FURTHER ORDERED that petitioner shall have thirty (30) days** to do one

20   of the following: **(1)** inform this court in a sworn declaration that he wishes to formally and forever

21   abandon the unexhausted ground for relief in his federal habeas petition (ground two), and proceed

22   on the remaining ground (ground one); **OR (2)** inform this court in a sworn declaration that he

23   wishes to dismiss this petition without prejudice in order to return to state court to exhaust his

24   unexhausted claim; **OR (3)** file a motion pursuant to the requirements of *Rhines v. Weber*, 544 U.S.

25   269 (2005), asking this court to hold his exhausted claims in abeyance while he returns to state court

26

9

1 to exhaust his unexhausted claim.  If petitioner chooses to file a motion pursuant to *Rhines v. Weber*,

2 respondents may respond to such motion as provided in Local Rule 7-2.

3       **IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted

4 ground, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of

5 abandonment in which to file an answer or response to petitioner's remaining ground for relief.

6 Petitioner shall thereafter have **twenty (20) days** following service of respondents' answer in which

7 to file a reply.

8       **IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within

9 the time permitted, this case may be dismissed.

10       Dated this 2nd day of February, 2009.

11

12 UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26